# EXHIBIT A

| | |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS – SUMMONS |

FOR: LISA ORNSTEIN

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ANGEL HERRERA, Administrator of the Estate )
of MARIA GREGORIA HERRERA, deceased. )
)
Plaintiff, )
)
vs ) No. 2010 L 014680
) Please Serve:
ALDEN-TOWN MANOR REHABILITATION ) Dr. Jose D. Benatar
AND HEALTH CARE CENTER, INC., D/B/A ) 2307 S. Cicero Ave.
ALDEN TOWN MANOR, and its agent/employees, ) Cicero, Il 60801
DR. ROBERT G. STRNAD, JR., and C. PORTIS, LPN, )
and ROBERT G.STRNAD, JR., MD., individually )
ROBERT G.STRNAD, JR., MD., LTD, DR. OLIVER )
GRAF, DR. JOSE BENATAR and THE UNIVERSITY OF )
ILLINOIS, AT CHICAGO MEDICAL CENTER )
)
Defendants. )

## SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

There will be a fee of $203.00 to file your Appearance, or you may present an Application to Sue or Defend as a Poor Person (form #CCG-19). If approved by the Presiding Judge, the fee will be waived.

WITNESS JUN 13 2011

DOROTHY BROWN

| | |
|---|---|
| Name | RANDALL F. PETERS & ASSOC. |
| Attorney for | Plaintiff |
| Address | 177 North State 3rd Fl |
| City | Chicago, IL 60601 |
| Telephone | 312-368-1245 Phone |
| Atty. No. | 11942 |

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ANGEL HERRERA, Special Administrator of the )
Estate of MARIA GREGORIA HERRERA, deceased. )
)
    Plaintiff, )
)
vs ) No. 2010L014680
) CALENDAR/ROOM D
ALDEN-TOWN MANOR REHABILITATION ) TIME 00:00
AND HEALTH CARE CENTER, INC., D/B/A ) Medical Malpractice
ALDEN TOWN MANOR, C. PORTIS, LPN, )
DR. ROBERT G. STRNAD, JR., ROBERT G. STRNAD )
JR., MD., LTD, and THE UNIVERSITY OF ILLINOIS )
AT CHICAGO MEDICAL CENTER, *DA Oliver* )
*Graf, M. Jose Bautar* )
    Defendants. )

## COMPLAINT AT LAW

### COUNT I – WRONGFUL DEATH
Alden-Town Manor Rehabilitation
and Health Care Center, Inc., d/b/a
Alden Town Manor Robert G. Strnad, Jr. M.D. and C. Portis LPN

Plaintiff states:

1. That on December 29, 2009 and continuously through December 31, 2009, Defendant, Alden-Town Manor Rehabilitation and Health Care Center, Inc., d/b/a Alden Town Manor, (hereinafter "Alden") was an Illinois corporation, duly organized and existing in the State of Illinois, to provide medical, pharmacological, and nursing care and treatment to patients with various medical ailments in the City of Cicero, County of Cook, State of Illinois.

2. That commencing December 29, 2009 and continuously through December 31, 2009, and at all times relevant hereto, Defendant, Alden, provided medical, pharmacological, and nursing care and treatment to persons suffering from various ailments, staffing its institution with doctors, pharmacists, and nurses to care and treat

patients admitted to Alden for care and treatment, in the City of Cicero, County of Cook, Illinois.

3. That commencing December 29, 2009 and continuously through December 31, 2009, and at all times relevant hereto, Defendant, Alden, was an Illinois corporation holding itself out to the public, and to the Plaintiff's decedent, Maria Gregoria Herrera, as a health care facility employing fully qualified physicians, pharmacists, and nurses, in the practice of medicine, to provide medical, pharmacological, and nursing services to the public in the County of Cook, and State of Illinois.

4. That on December 29, 2009 and continuously through December 31, 2009, Defendant, Robert G. Strnad, Jr. M.D., was a physician and surgeon licensed to practice medicine in the State of Illinois, and was engaged in the practice of medicine, holding himself out to the public, and to the Plaintiff's decedent, as being fully qualified and trained in the practice in medicine in the County of Cook, and State of Illinois.

5. That on December 29, 2009 and continuously through December 31, 2009, Defendant, Robert G. Strnad, Jr, M.D., was a duly authorized agent and employee Alden, and was acting within the scope of his employment as a licensed physician and surgeon fully qualified and trained in the practice of medicine providing said service to patients at Alden, in the County of Cook, State of Illinois.

6. That on December 29, 2009 and continuously through December 31, 2009, Defendant, C. Portis, LPN, was engaged in the practice of nursing in the State of Illinois, at Alden and was held out to the public, and to the Plaintiff's decedent, as being fully qualified and trained to provide said service at Alden, in the County of Cook, and State of Illinois.

7. That on December 29, 2009 and continuously through December 31, 2009, Defendant, C. Portis, LPN, was a duly authorized agent and employee Alden, and was acting within the scope of her employment as a licensed LPN fully qualified and trained

in the practice of nursing and providing said service to patients at Alden, in the County of Cook, State of Illinois.

8. That on December 29, 2009 and continuously through December 31, 2009, and at all times relevant hereto, Robert G. Strnad, Jr. M.D., individually, and as agent and employee of Alden, and Alden, and each of them, rendered medical care to the Plaintiff's decedent, Maria Gregoria Herrera, in the County of Cook, and State of Illinois.

9. That on December 29, 2009 and continuously through December 31, 2009, and at all times relevant hereto, C. Portis LPN., individually, and as agent and employee of Alden, and Alden, and each of them, rendered LPN care to the Plaintiff's decedent, Maria Gregoria Herrera, in the County of Cook, and State of Illinois.

10. That on December 29, 2009 and continuously through December 31, 2009, and at all times relevant hereto, Robert G. Strnad, Jr. M.D., individually, and as agent and employee of Alden, and Alden, and each of them, owed the Plaintiff's decedent, Maria Gregoria Herrera, a duty to use that degree of skill in medical care and treatment as would be exercised in similar localities under similar circumstances.

11. That on December 29, 2009 and continuously through December 31, 2009, and at all times relevant hereto, C. Portis LPN., individually, and as agent and employee of Alden, and Alden, and each of them, owed the Plaintiff's decedent, Maria Gregoria Herrera, a duty to use that degree of skill in medical care and treatment as would be exercised in similar localities under similar circumstances.

12. That on December 29, 2009 and continuously through December 31, 2009, and at all times relevant hereto, Alden-Town Manor Rehabilitation and Health Care Center, Inc., d/b/a Alden Town Manor, (hereinafter "Alden") an Illinois corporation, owed the Plaintiff's decedent, Maria Gregoria Herrera, a duty to use that degree of skill in medical care and treatment as would be exercised in similar localities under similar circumstances.

13. That notwithstanding this duty, Defendants, Alden-Town Manor Rehabilitation and Health Care Center, Inc., d/b/a Alden Town Manor, Robert G. Strnad, Jr., M.D., and C. Portis, LPN, and each of them, acted or failed to act in one or more of the following ways amounting to that form negligence known as medical malpractice:

   a. negligently and carelessly monitored a post heart valve surgery patient;

   b. failed to provide adequate therapeutic anticoagulation to a post operative heart valve surgery patient;

   c. carelessly and negligently provided inadequate nursing care to a post operative heart valve surgery patient

   d. was otherwise careless and negligent in their treatment and monitoring of Maria Gregoria Herrera.

14. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of Defendants, and each of them, Plaintiff's decedent, Maria Gregoria Herrera, expired on December 31, 2009, from embolism.

15. That as a direct and proximate result of the aforesaid death, Plaintiff's decedent left Surviving next of kin and heirs at law who suffered her loss of society and companionship, and have been deprived of pecuniary support and valuable services which would regularly have been contributed and would have continued but for her death.

16. That the decedent's surviving son, Angel Herrera, was appointed Special Administrator of the Estate of Maria Gregoria Herrera, deceased, pursuant to 740 ILCS 180/1-2 (1995), the Wrongful Death Act, and is duly qualified to act in that capacity pursuant to order of the court.

**WHEREFORE**, Plaintiff, Angel Herrera as Special Administrator of the Estate of Maria Gregoria Herrera, deceased, prays judgment against the defendants, Alden-Town Manor Rehabilitation and Health Care Center, Inc., d/b/a Alden Town Manor, Robert G.

Strnad, Jr., M.D., and C. Portis, LPN, and each of them, jointly and severally, in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Law Division of the Circuit Court of Cook County, Illinois, together with the costs of this action.

### COUNT II- SURVIVAL

Alden-Town Manor Rehabilitation
and Health Care Center, Inc., d/b/a
Alden Town Manor
Robert G. Strnad, Jr. MD and C. Portis LPN

Plaintiff states:

1-14  That the Plaintiff reaffirms and re-alleges paragraph numbers 1 through 14 of Count I as her paragraph numbers 1-14 of Count II and incorporates same by reference.

15.  That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of Defendants, and each of them, Plaintiff's decedent, Maria Gregoria Herrera sustained pain, suffering, mental and emotional distress until her death on December 31, 2009 all to her damages.

16.  That the Plaintiff brings this action pursuant to the Survival Act, 755 ILCS 5/27-6 (1995).

**WHEREFORE**, Plaintiff, Angel Herrera as Special Administrator of the Estate of Maria Gregoria Herrera, deceased, prays judgment against the defendants, Alden-Town Manor Rehabilitation and Health Care Center, Inc., d/b/a Alden Town Manor, Robert G. Strnad, Jr., M.D., and C. Portis, LPN, and each of them, jointly and severally, in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Law Division of the Circuit Court of Cook County, Illinois, together with the costs of this action.

### COUNT III – WRONGFUL DEATH
Robert G Strnad Jr., MD and Robert G. Strnad Jr., MD, LTD

1. That on December 29, 2009 and continuously through December 31, 2009, Defendant, Robert G. Strnad Jr., MD, LTD was an Illinois corporation, duly organized and existing in the State of Illinois, to provide medical care and treatment to patients with various medical ailments in the City of Cicero, County of Cook, State of Illinois.

2. That on December 29, 2009 and continuously through December 31, 2009, Defendant, Dr. Robert G. Strnad, Jr. M.D., was a physician and surgeon licensed to practice medicine in the State of Illinois, and was engaged in the practice of medicine, holding himself out to the public, and to the Plaintiff's decedent, as being fully qualified and trained in the practice in medicine in the County of Cook, and State of Illinois.

3. That on December 29, 2009 and continuously through December 31, 2009, Defendant, Robert G. Strnad, Jr, M.D., was a duly authorized agent and employee Robert G. Strnad Jr., MD, LTD, and was acting within the scope of his employment as a licensed physician and surgeon fully qualified and trained in the practice of medicine providing said service to patients in the County of Cook, State of Illinois.

4. That on December 29, 2009 and continuously through December 31, 2009, and at all times relevant hereto, Robert G. Strnad Jr. M.D., individually, and as agent and employee of Robert G. Strnad Jr., MD, LTD, and Robert G. Strnad Jr., MD, LTD, each of them, rendered medical care to the Plaintiff's decedent, Maria Gregoria Herrera, in the County of Cook, and State of Illinois.

5. That on December 29, 2009 and continuously through December 31, 2009, and at all times relevant hereto, Robert G. Strnad, Jr. M.D., individually, and as agent and employee of Robert G. Strnad Jr., MD, LTD, and Robert G. Strnad Jr., MD, LTD, and each of them, owed the Plaintiff's decedent, Maria Gregoria Herrera, a duty to use that degree of skill in medical care and treatment as would be exercised in similar localities under similar circumstances.

6. That notwithstanding this duty, Defendants, Robert G. Strnad, Jr. M.D., individually, and as agent and employee of Robert G. Strnad Jr., MD, LTD, and Robert G. Strnad Jr., MD, LTD, and each of them, acted or failed to act in one or more of the following ways amounting to that form negligence known as medical malpractice:

    a. negligently and carelessly monitored a post heart valve surgery patient;

    b. failed to provide adequate therapeutic anticoagulation to a post operative heart valve surgery patient;

    c. carelessly and negligently provided inadequate nursing care to a post operative heart valve surgery patient

    d. was otherwise careless and negligent in their treatment and monitoring of Maria Gregoria Herrera.

7. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of Defendants, and each of them, Plaintiff's decedent, Maria Gregoria Herrera, expired on December 31, 2009, from embolism.

8. That as a direct and proximate result of the aforesaid death, Plaintiff's decedent left Surviving next of kin and heirs at law who suffered her loss of society and companionship, and have been deprived of pecuniary support and valuable services which would regularly have been contributed and would have continued but for her death.

9. That the decedent's surviving son, Angel Herrera, was appointed Special Administrator of the Estate of Maria Gregoria Herrera, deceased, pursuant to 740 ILCS 180/1-2 (1995), the Wrongful Death Act, and is duly qualified to act in that capacity pursuant to order of the court.

**WHEREFORE**, Plaintiff, Angel Herrera as Special Administrator of the Estate of Maria Gregoria Herrera, deceased, prays judgment against the defendants, Robert G. Strnad, Jr. M.D., and Robert G. Strnad Jr., MD, LTD, and each of them, jointly and severally, in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Law Division of the Circuit Court of Cook County, Illinois, together with the costs of this action.

### *COUNT IV- SURVIVAL*
### Robert G Strnad JR MD and Robert G. Strnad Jr MD, LTD

Plaintiff states:

1-7. That the Plaintiff reaffirms and re-alleges paragraph numbers 1 through 7 of Count III as her paragraph numbers 1-7 of Count IV and incorporates same by reference.

8. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of Defendants, and each of them, Plaintiff's decedent, Maria Gregoria Herrera sustained pain, suffering, mental and emotional distress until her death on December 31, 2009 all to her damages.

9. That the Plaintiff brings this action pursuant to the Survival Act, 755 ILCS 5/27-6 (1995).

**WHEREFORE**, Plaintiff, Angel Herrera as Special Administrator of the Estate of Maria Gregoria Herrera, deceased, prays judgment against the defendants, Robert G. Strnad, Jr. M.D., and Robert G. Strnad Jr., MD, LTD, and each of them, jointly and severally, in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Law Division of the Circuit Court of Cook County, Illinois, together with the costs of this action.

## COUNT V – WRONGFUL DEATH
### The University of Illinois at Chicago Medical Center

Plaintiff states:

1. That on December 29, 2009 and continuously through December 31, 2009 and at all times relevant hereto, Defendant, *The University of Illinois at Chicago Medical Center* was an Illinois not for profit corporation holding itself out to the public, and to the Plaintiff's decedent, Maria Gregoria Herrera, as a health care facility employing fully qualified physicians, surgeons, in the practice of medicine, and in providing medical and psychiatric services to the public in the County of Cook, and State of Illinois.

2. That on December 29, 2009 and continuously through December 31, 2009, and at all times relevant hereto, T*he University of Illinois at Chicago Medical Center* by and through *its agents/employees*, rendered medical care to the Plaintiff's decedent, Maria Gregoria Herrera, in the County of Cook, and State of Illinois.

3. That on December 29, 2009 and continuously through December 31, 2009, and at all times relevant hereto, *The University of Illinois at Chicago Medical Center by and through its agents/employees* owed the Plaintiff's decedent, Maria Gregoria Herrera, a duty to use that degree of skill in medical care and treatment as would be exercised in similar localities under similar circumstances.

4. That notwithstanding this duty, Defendant, The University of Illinois at Chicago Medical Center acted or failed to act in one or more of the following ways amounting to that form negligence known as medical malpractice:

    a. negligently and carelessly failed to adequately treat and monitor Maria Gregoria Herrera's administration of medication;

    b. negligently and carelessly transferred Maria Gregoria Herrera to a nursing home with an adequate communication on her required level of care;

      c. was otherwise careless and negligent in their treatment and monitoring of Maria Gregoria Herrera.

5. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of Defendant, Plaintiff's decedent, Maria Gregoria Herrera, expired on December 31, 2009, from an embolism.

6. That as a direct and proximate result of the aforesaid death, Plaintiff's decedent left Surviving next of kin and heirs at law who suffered her loss of society and companionship, and have been deprived of pecuniary support and valuable services which would regularly have been contributed and would have continued but for her death.

7. That the decedent's surviving son, Angel Herrera, was appointed Special Administrator of the Estate of Maria Gregoria Herrera, deceased, pursuant to 740 ILCS 180/1-2 (1995), the Wrongful Death Act, and is duly qualified to act in that capacity pursuant to order of the court.

    **WHEREFORE**, Plaintiff, Angel Herrera as Special Administrator of the Estate of Maria Gregoria Herrera, deceased, prays judgment against the Defendant, *The University of Illinois at Chicago Medical Center* in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Law Division of the Circuit Court of Cook County, Illinois, together with the costs of this action.

### *COUNT VI – SURVIVAL*
### *The University of Illinois at Chicago Medical Center*

Plaintiff states:

  1-5.  That the Plaintiff reaffirms and re-alleges paragraph numbers 1 through 5 of Count V as her paragraph numbers 1-5 of Count VI and incorporates same by reference.

6. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of Defendants, and each of them, Plaintiff's decedent, Maria Gregoria Herrera sustained pain, suffering, mental and emotional distress until her death on December 31, 2009 all to her damages.

7. That the Plaintiff brings this action pursuant to the Survival Act, 755 ILCS 5/27-6 (1995).

**WHEREFORE**, Plaintiff, Angel Herrera as Special Administrator of the Estate of Maria Gregoria Herrera, deceased, prays judgment against the Defendant, *The University of Illinois at Chicago Medical Center* in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Law Division of the Circuit Court of Cook County, Illinois, together with the costs of this action.

## COUNT VII WRONGFUL DEATH
### Dr. Oliver Graf

1. That on December 29, 2009 Defendant, Dr. Oliver Graf, was a physician and surgeon licensed to practice medicine in the State of Illinois, and was engaged in the practice of medicine, holding himself out to the public, and to the Plaintiff's decedent, as being fully qualified and trained in the practice in medicine in the County of Cook, and State of Illinois.

2. That on December 29, 2009, and at all times relevant hereto, Dr. Oliver Graf rendered medical care to the Plaintiff's decedent, Maria Gregoria Herrera, in the County of Cook, and State of Illinois.

3. That on December 29, 2009 Dr. Oliver Graf, owed the Plaintiff's decedent, Maria Gregoria Herrera, a duty to use that degree of skill in medical care and treatment as would be exercised in similar localities under similar circumstances.

11

4. That notwithstanding this duty, Defendant, Dr. Oliver Graf, acted or failed to act in one or more of the following ways amounting to that form negligence known as medical malpractice:

   a. negligently and carelessly failed to adequately treat and monitor Maria Gregoria Herrera's administration of medication;

   b. negligently and carelessly transferred Maria Gregoria Herrera to a nursing home with an adequate communication on her required level of care;

   c. was otherwise careless and negligent in their treatment and monitoring of Maria Gregoria Herrera.

5. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of Defendants, and each of them, Plaintiff's decedent, Maria Gregoria Herrera, expired on December 31, 2009, from embolism.

6. That as a direct and proximate result of the aforesaid death, Plaintiff's decedent left Surviving next of kin and heirs at law who suffered her loss of society and companionship, and have been deprived of pecuniary support and valuable services which would regularly have been contributed and would have continued but for her death.

7. That the decedent's surviving son, Angel Herrera, was appointed Special Administrator of the Estate of Maria Gregoria Herrera, deceased, pursuant to 740 ILCS 180/1-2 (1995), the Wrongful Death Act, and is duly qualified to act in that capacity pursuant to order of the court.

**WHEREFORE**, Plaintiff, Angel Herrera as Special Administrator of the Estate of Maria Gregoria Herrera, deceased, prays judgment against the defendant, Dr. Oliver Graf, in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Law Division of the Circuit Court of Cook County, Illinois, together with the costs of this action.

## COUNT VIII- SURVIVAL
Dr. Oliver Graf

Plaintiff states:

1-5. That the Plaintiff reaffirms and re-alleges paragraph numbers 1 through 5 of Count VII as her paragraph numbers 1-5 of Count VIII and incorporates same by reference.

6. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of Defendants, and each of them, Plaintiff's decedent, Maria Gregoria Herrera sustained pain, suffering, mental and emotional distress until her death on December 31, 2009 all to her damages.

7. That the Plaintiff brings this action pursuant to the Survival Act, 755 ILCS 5/27-6 (1995).

**WHEREFORE**, Plaintiff, Angel Herrera as Special Administrator of the Estate of Maria Gregoria Herrera, deceased, prays judgment against the defendant, Dr. Oliver Graf in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Law Division of the Circuit Court of Cook County, Illinois, together with the costs of this action.

## COUNT IX WRONGFUL DEATH
Dr. Jose Benatar

1. That on December 29, 2009 Defendant, Dr. Jose Benatar, was a physician and surgeon licensed to practice medicine in the State of Illinois, and was engaged in the practice of medicine, holding himself out to the public, and to the Plaintiff's decedent, as being fully qualified and trained in the practice in medicine in the County of Cook, and State of Illinois.

13

2. That on December 29, 2009, and at all times relevant hereto, Dr. Jose Benatar rendered medical care to the Plaintiff's decedent, Maria Gregoria Herrera, in the County of Cook, and State of Illinois.

3. That on December 29, 2009 Dr. Jose Benatar, owed the Plaintiff's decedent, Maria Gregoria Herrera, a duty to use that degree of skill in medical care and treatment as would be exercised in similar localities under similar circumstances.

4. That notwithstanding this duty, Defendant, *Dr. Jose Benatar*, acted or failed to act in one or more of the following ways amounting to that form negligence known as medical malpractice:

    a. negligently and carelessly failed to adequately treat and monitor Maria Gregoria Herrera's administration of medication;

    b. negligently and carelessly transferred Maria Gregoria Herrera to a nursing home with an adequate communication on her required level of care;

    c. was otherwise careless and negligent in their treatment and monitoring of Maria Gregoria Herrera.

5. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of Defendants, and each of them, Plaintiff's decedent, Maria Gregoria Herrera, expired on December 31, 2009, from embolism.

6. That as a direct and proximate result of the aforesaid death, Plaintiff's decedent left Surviving next of kin and heirs at law who suffered her loss of society and companionship, and have been deprived of pecuniary support and valuable services which would regularly have been contributed and would have continued but for her death.

7. That the decedent's surviving son, Angel Herrera, was appointed Special Administrator of the Estate of Maria Gregoria Herrera, deceased, pursuant to 740 ILCS 180/1-2 (1995), the Wrongful Death Act, and is duly qualified to act in that capacity pursuant to order of the court.

14

**WHEREFORE**, Plaintiff, Angel Herrera as Special Administrator of the Estate of Maria Gregoria Herrera, deceased, prays judgment against the defendant, Dr. Jose Benatar, in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Law Division of the Circuit Court of Cook County, Illinois, together with the costs of this action.

### COUNT X– SURVIVAL

Dr. Jose Benatar

Plaintiff states:

1-5. That the Plaintiff reaffirms and re-alleges paragraph numbers 1 through 5 of Count IX as her paragraph numbers 1-5 of Count X and incorporates same by reference.

6. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of Defendants, and each of them, Plaintiff's decedent, Maria Gregoria Herrera sustained pain, suffering, mental and emotional distress until her death on December 31, 2009 all to her damages.

7. That the Plaintiff brings this action pursuant to the Survival Act, 755 ILCS 5/27-6 (1995).

**WHEREFORE**, Plaintiff, Angel Herrera as Special Administrator of the Estate of Maria Gregoria Herrera, deceased, prays judgment against the defendant, Dr. Jose Benatar in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Law Division of the Circuit Court of Cook County, Illinois, together with the costs of this action.

Randall F. Peters

Randall F. Peters & Associates
177 N. State Street 3rd Floor
Chicago, Il 60601
312-368-1245
Attorney No. 11942